# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 25-2148

———————————————

United States of America

*Plaintiff - Appellee*

v.

Antonio Dixson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: April 16, 2026
Filed: July 9, 2026

——————————

Before LAVENSKI R. SMITH, BENTON, and ERICKSON, Circuit Judges.

——————————

ERICKSON, Circuit Judge.

A jury convicted Antonio Dixson of two counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) and five counts of firearm-related offenses, in violation of 18 U.S.C. §§ 922(g)(1),

922(k), 924(a)(1), 924(a)(2), 924(c)(1)(A) & 924(c)(1)(A)(i). The district court[1] sentenced him to a total term of imprisonment of 168 months. Dixson appeals, claiming the district court erred when it allowed a law enforcement officer to testify about general characteristics and operations of drug dealers and drug use. We affirm.

The primary dispute centered on whether the drugs and other items seized by law enforcement establish beyond a reasonable doubt drug possession for personal use or for distribution. Dixson moved *in limine* to exclude testimony about "drug dealer/trafficker profiles," the practices of drug trafficking or drug sources, and related characteristics or stereotypes. Dixson argued the evidence should be excluded as unfairly prejudicial under Federal Rule of Evidence 403. The government opposed the motion, contending that the evidence was admissible under Rule 702 of the Federal Rules of Evidence and that law enforcement officers frequently are allowed to give expert testimony concerning the *modus operandi* of drug dealers and quantity/pricing details because most jurors are not familiar with the drug trade. The district court denied Dixson's motion.

Dixson renewed his motion—this time asserting deficiencies with the government's notice, challenging the qualifications of the government's expert, and objecting to a specific opinion indicating Dixson had the "intent" to distribute controlled substances as violating Federal Rule of Evidence 704(b). In response, the government stated it would file an amended expert disclosure with more details regarding the expert opinions it intended to elicit at trial and would withdraw any opinions related to the ultimate issue of Dixson's intent. On the remaining claim regarding the proffered expert's qualifications, the district court found the officer was qualified by training and experience to testify on topics such as the schedule and classification of the drugs at issue, drug packaging, the street value of the types of drugs at issue, common user dosages, and certain tools of the drug trade, including

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

the possession of firearms. Trial was continued to give Dixson an opportunity to obtain his own expert witness.

The government notified Dixson that the officer it had previously disclosed as its expert was unavailable on the new trial dates and provided identifying information for his replacement. In response, Dixson moved again to exclude the expert, asserting the officer's opinions were improper under Rule 702, as amended in 2023, because he relied on his "personal, subjective experience," and not on accepted, quantifiable data that could be applied to a reliable methodology.

The district court held a hearing, noting it understood its gatekeeping role and indicated the amendments to Rule 702 were intended to make clear for the trial courts the proper approach for determining admissibility of expert opinions.[2] The district court explained that it believed expert testimony based on specialized knowledge and experience was permitted under Rule 702 before the amendments and the rule continues to permit such testimony after the amendments. The court denied Dixson's motion as it pertained to general admissibility but granted it as to two specific proposed opinions involving the value of the drugs and firearms that were seized being higher than a drug addict would "be able to" possess. The government agreed to rephrase the opinion related to the value of the drugs and withdrew the other opinion pertaining to the value of the firearms.

At the final pretrial conference, Dixson once again orally renewed his motion to strike the government's expert, relying on the reasons previously asserted. Except for the two opinions the court previously excluded, the district court denied Dixson's motion for the reasons stated in its prior orders. On appeal, Dixson contends the

---

[2]The advisory committee notes for the 2023 amendments to Federal Rule of Evidence 702 explain that the purposes for the amendments were to (1) "clarify and emphasize" that the proponent must show the proffered testimony meets the preponderance of the evidence standard applicable to most admissibility decisions and (2) to clarify that each expert opinion must "stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology."

district court committed reversible error by allowing a law enforcement officer to testify about common drug trafficking practices when he had no role in the investigation and did not rely on facts or data to support his opinions.

The disputed expert was a detective with the St. Louis Metropolitan Police Department, who had been a police officer for over 30 years, had focused on drug crimes for 28 years, had been on the Federal Bureau of Investigation task force for 8 years, and had been involved in several hundred to a thousand arrests for drug activity and the same number of investigative interviews. Over Dixson's objections, the officer was permitted to offer expert testimony on general drug dealer behavior and practices. We review the district court's decision "to admit expert testimony for an abuse of discretion, giving substantial deference to the district court." United States v. Primm, 63 F.4th 1186, 1190 (8th Cir. 2023).

Effective December 1, 2023, trial courts must consider whether the proponent of expert testimony has demonstrated that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. The 2023 advisory committee notes to Rule 702 indicate that the preponderance standard was inserted into the rule to correct a misunderstanding by some courts that sufficiency of the expert's basis and application of the expert's methodology were questions of weight not admissibility. The other amendment was also not intended to change the rule. The committee notes indicate the purpose of amending subsection (d) was to emphasize that an expert's opinion must not go beyond what the expert's basis and methodology may reliably support.

As discussed by the district court, nothing in the prior version of the rule or the current version of the rule prohibits qualified experts from offering opinions based on specialized knowledge. In cases decided following the rule's amendments, this Court has reaffirmed that there is no prerequisite under Rule 702 that an officer be actively involved in the investigation in order to testify as an expert. Compare United States v. Johnson, 162 F.4th 931, 936 (8th Cir. 2025) (stating a law enforcement officer can give lay opinion testimony under Federal Rule of Evidence 701 "only when the law enforcement officer was a participant in the conversation, had personal knowledge of the facts being related in the conversation, or observed the conversations as they occurred" (quotations and citation omitted)), with United States v. Agena, 138 F.4th 1063, 1069 (8th Cir. 2025) (explaining law enforcement officers may testify as experts whether or not the officer was "an active participant" in the event about which he is testifying). Nor is admissibility determined exclusively by whether the expert has quantifiable data or a measurable "scientific basis" to support his opinion. See Agena, 138 F.4th at 1069 (reiterating that consistent with Rule 702 district courts may allow law enforcement officers with specialized knowledge to testify as experts about drug-related activities and concepts unfamiliar to most jurors).

The charged crimes required the jury to evaluate the intent with which Dixson possessed controlled substances. Most jurors are not familiar with practices related to the use or distribution of controlled substances. Dixson has not shown that the detective was not qualified based on his training and experience to offer opinions on general drug distribution practices and drug use or that the evidence would not help the jury to understand the evidence or determine a fact at issue. Dixson has not demonstrated that the district court applied an incorrect evidentiary standard, breached its gatekeeping role of ensuring the proffered expert testimony was more likely than not relevant and reliable, or otherwise abused its discretion.

For the foregoing reasons, the judgment of the district court is affirmed.

_____